## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **ALFIA YHAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 2007-063** |
| **HOVENSA, L.L.C.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____) | | |
| | ) | |
| **ALFIA YHAN and WAYNE HAWLEY,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2010-032** |
| | ) | |
| **HOVENSA, L.L.C.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____) | | |

**Attorneys:**

**Vincent A. Colianni, II, Esq.,**
**Rachelle M. Shocklee, Esq.,**
St. Croix, U.S.V.I.
        *For Plaintiffs*

**Linda J. Blair, Esq.,**
St. Croix, U.S.V.I.
        *For Defendant*


## <u>MEMORANDUM OPINION</u>

**Lewis, District Judge**

        THIS MATTER comes before the Court on an appeal, filed by Plaintiffs Alfia Yhan and

Wayne S. Hawley, of:  (1) a February 3, 2012 Order entered by the Magistrate Judge of this

Court disqualifying Emily Shoup, Esq. and the Law Firm of Andrew C. Simpson, P.C. as counsel for Plaintiffs; and (2) a May 11, 2012 Order entered by the Magistrate Judge denying Plaintiff's Motion to Reconsider the February 3, 2012 Order.  (07-cv-063, Dkt. Nos. 136, 143; 10-cv-032, Dkt. No. 50).  The Magistrate Judge's February 3, 2012 Order disqualified Attorney Shoup from representing Plaintiffs on the grounds of an impermissible conflict of interest under ABA Model Rule of Professional Conduct ("MRPC" or "Model Rule") 1.9.  The Order also disqualified Attorney Shoup's new law firm on the basis of an imputed conflict of interest under Model Rule 1.10.[1]  Defendant HOVENSA, L.L.C. ("HOVENSA") opposes Plaintiffs' appeal. (07-cv-063, Dkt. No. 55).

On appeal, Plaintiffs raise only one issue—whether the Magistrate Judge's factual finding that Attorney Shoup had worked on a "substantially related matter" for her former client is clearly erroneous.  (Plaintiffs' Objections to Magistrate Judge's Order, 10-cv-032, Dkt. No. 50, at 1–4).

For the reasons that follow, the Court finds that there is insufficient evidence in the record to determine whether the Magistrate Judge's factual finding that Attorney Shoup had previously worked on a "substantially related matter" for HOVENSA is clearly erroneous. Accordingly, the Court will vacate the Magistrate Judge's February 3, 2012 Order Granting HOVENSA's Motion to Disqualify and the Magistrate Judge's May 11, 2012 Order Denying Plaintiffs' Motion to Reconsider, and remand the disqualification issue to the Magistrate Judge for further evidentiary inquiry on this issue.  The Court, *sua sponte*, will also stay further

---

[1] This Court's Local Rules of Civil Procedure incorporate by reference the ABA Model Rules of Professional Conduct, stating that the "Model Rules of Professional Conduct of the American Bar Association shall govern the conduct of the member of the bar admitted to practice in the Court . . . ."  LRCi 83.2(a)(2).

proceedings in this consolidated matter pending the Magistrate Judge's ruling on the disqualification issue.

## I.   BACKGROUND AND PROCEDURAL HISTORY

### A.   The Underlying Employment Discrimination Cases

Plaintiffs Alfia Yhan ("Yhan") and Wayne S. Hawley ("Hawley") represent that they were married to each other and were both employees of Defendant HOVENSA, L.L.C. ("HOVENSA") at all times relevant to these proceedings.  (Verified Complaint, 10-cv-032, ¶¶ 6–8).  In the first of these two consolidated cases, Yhan and five other female plaintiffs sued HOVENSA under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, alleging sex discrimination and retaliation.  (07-cv-063, Dkt. Nos. 1, 4)[2]  Since June 2007, when the original Complaint was filed in that case, Yhan—who is the only remaining Plaintiff[3]—has been represented by Vincent A. Colianni II, Esq.  During the same period, Defendant HOVENSA has been represented by the law firm of Bryant Barnes & Blair, LLP ("Bryant Barnes"), formerly known as "Bryant Barnes Moss Beckstedt & Blair, LLP."

In the second of these two consolidated cases, Yhan and Hawley brought charges of retaliation against HOVENSA, alleging that various adverse employment actions were taken in retaliation for Yhan's original complaint of discrimination.  (Verified Complaint, 10-cv-032, ¶¶ 12–38).[4]  In this second case, Plaintiffs have been represented by Andrew C. Simpson and

---

[2] Yhan alleges that HOVENSA provided more training and more favorable assignments to similarly situated men and then retaliated against her for lodging a complaint.

[3] The claims filed against HOVENSA by Plaintiffs Melanie Pope, Shanika Gooding, Lorna Stevens, Jana Gill, and Pauline Allain were dismissed following settlement.  (07-cv-063,  Dkt. Nos. 95, 98, and 108).

[4] Plaintiffs allege that HOVENSA retaliated by suspending Yhan while she was on sick leave; subjecting Yhan to harassment; denying Hawley promotions and training opportunities; and making a record against Hawley to justify his termination.  (Verified Complaint, 10-cv-032, ¶¶ 23, 32).

Rachelle M. Shocklee, both of the Law Firm of Andrew C. Simpson, P.C. ("Simpson, P.C."). As with the first of the two consolidated cases, Defendant HOVENSA has been represented by Bryant Barnes.

In an August 30, 2010 Order, the Magistrate Judge granted Defendant HOVENSA's Motion to Consolidate Yahn's original discrimination and retaliation case, 07-cv-063, with Yahn and Hawley's subsequent retaliation case, 10-cv-032. (07-cv-063, Dkt. No. 111; 10-cv-032, Dkt. No. 13).[5]

### B.  HOVENSA's Motion to Disqualify

On December 21, 2011, Defendant HOVENSA moved to disqualify Emily Shoup, Esq., and the Law Firm of Andrew C. Simpson, P.C. as counsel for Plaintiffs. (Dkt. No. 128 at 1). HOVENSA alleged that Attorney Shoup was employed by HOVENSA's counsel, Bryant Barnes, from August 19, 2008 until her resignation effective November 7, 2011. (Affidavit of Linda J. Blair, Dkt. No. 128, Exh. A at 2). Defendant further alleged that Attorney Shoup then joined the law firm of Simpson, P.C., which has served as Plaintiffs' counsel in the later of the two consolidated cases, 10-cv-32. HOVENSA asserted that during her tenure with Bryant Barnes, Attorney Shoup participated in HOVENSA's employment cases involving claims of discrimination, harassment, and wrongful discharge, and thereby learned confidential details not known to the public about HOVENSA's operations, rules, practices, customs, regulations, policies, and procedures (including policies and procedures with respect to settlement). (Dkt. No. 128, Exh. A at 2). HOVENSA therefore argued that Attorney Shoup should be disqualified based on an impermissible conflict of interest pursuant to MRPC 1.9. (Dkt. No. 128 at 4). Additionally, HOVENSA sought to disqualify Simpson, P.C., on the grounds that Attorney

---

[5] Unless otherwise indicated, the docket numbers cited hereafter refer to the lead case, *Yhan v. Hovensa, L.L.C.* (07-cv-063), which is the earlier of the two consolidated cases.

Shoup's conflict of interest is also imputed to her law firm under MRPC 1.10.  (Dkt. No. 128 at 8–9).

On January 4, 2012, Plaintiffs opposed the disqualification motion, arguing that:  (1) Attorney Shoup did not represent HOVENSA in substantially related litigation; (2) HOVENSA had failed to show that Attorney Shoup has "actual knowledge" of any confidential information related to the instant case; and (3) the screening measures employed by Simpson, P.C. were sufficient, and thus the firm should not be disqualified.  (Dkt. No. 141, at 5–9).  Plaintiffs contended that Attorney Shoup performed "extraordinarily limited activities on behalf of HOVENSA in employment matters," noting that Shoup worked on only one employment matter for HOVENSA—"a matter in which HOVENSA was not the employer and was sued on a theory that it controlled the employment practices of a subcontractor who allegedly engaged in discrimination."  *Id.* at 6–7.  Plaintiffs further argued that Simpson, P.C. had adopted screening measures with respect to Attorney Shoup in the case, and that "Attorney Shoup's sole involvement in this case was to attend a pretrial scheduling conference to discuss scheduling in the matter."  *Id.* at 8–9.

In its January 18, 2012 reply brief, Defendant HOVENSA argued that Attorney Shoup represented HOVENSA in substantially similar litigation, noting that she "undertook to represent a plaintiff in an employment action mere weeks or days after having left a job in which she routinely defended HOVENSA, including in an employment discrimination matter."  (Dkt. No. 134 at 3–4).  Additionally, Defendant made the following arguments:  (1) in this jurisdiction, Attorney Shoup's actual knowledge is presumed where there is a substantial relationship between the instant litigation and the prior subject matter at issue; (2) screening Attorney Shoup is moot because she has already meaningfully participated in the instant litigation, including by

attending a pretrial scheduling conference and receiving e-mail copies of filings in the case; and

(3) there is no compelling reason not to disqualify Attorney Shoup.  (Dkt. No. 134 at 4–8).

### C.  The Magistrate Judge's Orders

On February 3, 2012, the Magistrate Judge issued an Order granting HOVENSA's motion to disqualify Attorney Shoup and Simpson, P.C.  (Dkt. No. 136).  In that Order, the Magistrate Judge noted that four elements must be satisfied for an attorney to be disqualified pursuant to Model Rule 1.9(a), but that only one element is in dispute in the instant case— "whether Attorney Shoup represents Plaintiffs, her current client, 'in . . . a substantially related matter as' Defendant, her former client."  *Id.* at 3–4.  The Magistrate Judge found that:

> In the matter at bar, the facts show that Attorney Shoup was not merely associated with the firm representing Defendant, she directly participated in the representation of Defendant in a variety of matters, including an employment discrimination case, wherein she actively participated in strategy sessions and consulted and conferred with Defendant in responding to discovery and settlement negotiations.

*Id.* at 5.  Accordingly, the Magistrate Judge found that the instant case is "substantially related" to Attorney Shoup's prior representation of HOVENSA, and therefore disqualified Attorney Shoup from representing Plaintiffs, pursuant to Model Rule 1.9(a).  *Id.* at 6.

The Magistrate Judge further found that Plaintiffs had made no showing that they had complied with the proper screening procedures in such a situation.  Specifically, Plaintiffs had "made no showing that either Attorney Shoup or the law firm Andrew C. Simpson, P.C., provided written notice to Defendant, including a description of the screening procedures employed, or a statement of compliance with the Model Rules as required by MRPC 1.10(a)(2)(ii)."  *Id.* at 7.  Moreover, the Magistrate Judge concluded "that by allowing Attorney Shoup to attend and participate in a status conference" in the instant case, "the firm demonstrated

that whatever screening procedures may be in place are neither timely nor effective." *Id.* at 7–8. Accordingly, the Magistrate Judge ruled that Simpson, P.C. is disqualified under MRPC 1.10(a). *Id.* at 8.

On February 17, 2012, Plaintiffs filed a motion to reconsider the Magistrate Judge's Order disqualifying Attorney Shoup and Simpson, P.C. (10-cv-032, Dkt. No. 41), which Defendant HOVENSA opposed on March 9, 2012. (Dkt. No. 141). In an Order issued on May 11, 2012, the Magistrate Judge found that reconsideration was not warranted and denied Plaintiffs' motion for reconsideration. (Dkt. No. 143 at 2). The Magistrate Judge found that "[n]othing in Plaintiffs' motion persuades the Court that it committed error or that its previous order requires clarification, modification, or reversal. Plaintiffs appear merely to disagree with the Court and attempt to reargue their original motion." *Id.* at 2. Responding to Plaintiffs' continued argument that Attorney Shoup's prior representation of HOVENSA was not "substantially related" to the instant lawsuit, the Magistrate Judge noted that the "[Model] Rule and the caselaw indicate that 'substantially related' also means that the nature and scope of the representation was such that confidential information would have been expected to be obtained that could be used against the former client." *Id.* at 4. Here, the Magistrate Judge found that Attorney Shoup's representation of HOVENSA when employed with Bryant Barnes was "wide-ranging and extensive." *Id.* at 4.[6] As such, the Magistrate Judge concluded that "[i]t is not a

---

[6] The Magistrate Judge's "Order Denying Plaintiffs' Motion to Reconsider" accepted Defendant's argument in its brief that Attorney Shoup's representation of HOVENSA while employed by Bryant Barnes was "extensive . . . in an array of cases [that] gained her on numerous occasions access to management whose concern it is to see to the legal defense of HOVENSA in general . . . . [S]he daily used a common computer system which contained . . . universal HOVENSA files which contained copious amounts of confidential and proprietary information pertaining to HOVENSA not otherwise available to the public." (*See* Dkt. 143 at 4) (*quoting* Defendant's "Response in Opposition to Plaintiffs' Motion to Reconsider February 3, 2012 Order Granting HOVENSA'S Motion to Disqualify," Dkt. No. 141, at 6).

stretch to presume that, given the scope [of] Attorney Shoup's prior representation of HOVENSA and access to management personnel and a significant amount of confidential and proprietary information, it was more likely than not that she was privy to confidential information that could be used against HOVENSA in this matter." *Id.* at 5.

The Magistrate Judge also found that "Plaintiffs do not present any evidence to refute the Court's finding that The Law Offices of Andrew C. Simpson, P.C., failed to comply with the screening procedures actually set forth in Rule 1.10." *Id.* at 6. In the Order, the Magistrate Judge further noted that the Model Rules provide that "'[s]creened' denotes the isolation of a lawyer from *any* participation in a matter." *Id.* at 7 (citing MRPC 1.0(k)) (emphasis added). The Magistrate Judge continued: "The Court posits that the plain meaning of '*any* participation" includes attending a status conference." *Id.* at 7. For those reasons, the Magistrate Judge denied the motion for reconsideration. *Id.* at 8.

### D. Plaintiffs' Appeal

On May 26, 2012, Plaintiffs filed an appeal of the Magistrate's Judge's Order disqualifying Attorney Shoup and Simpson, P.C. and the subsequent Order denying reconsideration. (Objections to Magistrate Judge's Order, 10-cv-032, Dkt. No. 50). Plaintiffs raise only one issue in this appeal, asserting that "[t]he magistrate judge's finding that Attorney Shoup has worked on a 'substantially related matter' for her former client (HOVENSA, LLC) is devoid of minimum evidentiary support and therefore must be reversed." *Id.* at 1. Plaintiffs argue that "[t]he magistrate judge did not cite any *evidence* submitted in support of this finding;" that the facts found by the Magistrate Judge "are not supported by the *evidence* that was before the Court"; and that "[t]here is absolutely no evidence to support the magistrate judge's factual finding." *Id.* at 4. Plaintiffs maintain that the "sole evidence" presented by HOVENSA

8

"consisted of a bare bones and conclusory affidavit from its counsel, Linda J. Blair." *Id.* at 5. The argument continues: "In contrast to the limited evidence presented by HOVENSA, Attorney Shoup submitted a detailed affidavit in which she described the fact that in the three years she had worked at her former firm, her representation of HOVENSA had been restricted to personal injury matters, with the exception of one employment case." *Id.* at 6 (citations omitted). Plaintiffs further argue that the employment case on which Attorney Shoup worked at Bryant Barnes is factually distinct from the instant case for various reasons, including the fact that the prior case involved claims of discrimination against HOVENSA and its subcontractor on behalf of employees terminated by the subcontractor. *Id.* Moreover, Plaintiffs argue that Attorney Shoup's role in the case was limited to summarizing, attending, and participating in depositions. *Id.*

In their appeal, Plaintiffs note that Attorney Shoup affirmed by affidavit that she never learned of any HOVENSA settlement policies or procedures regarding employment cases, and she had no actual knowledge of HOVENSA's employment practices, except from public sources. *Id.* at 7. Plaintiffs argue that HOVENSA did not offer affidavits from any employee who met with Attorney Shoup and shared confidential information with her; it did not provide time and billing entries that demonstrate that Attorney Shoup met with HOVENSA management "on anything that was remotely related to the instant case"; and it did not offer evidence that Shoup participated in meetings at Bryant Barnes where substantially related matters were discussed. *Id.* Thus, Plaintiffs argue that the Magistrate Judge committed clear error and his Order disqualifying Attorney Shoup should be reversed because "[t]here is absolutely no evidentiary basis" for the factual conclusion that Attorney Shoup "directly participated in the representation of Defendant in a variety of matters, including an employment discrimination case, wherein she

9

actively participated in strategy sessions and consulted and conferred with Defendant in responding to discovery and settlement negotiations."  *Id.* at 8, 10.  Finally, Plaintiffs argue that "[b]ecause the disqualification of the law firm is based upon the disqualification of Attorney Shoup, that portion of the magistrate judge's Order should also be reversed."  *Id.*

On June 19, 2012, Defendant filed "HOVENSA LLC's Opposing Brief to Plaintiff's Objections to Magistrate Judge's Order."  (Dkt. No. 148).   Defendant argues that Plaintiffs have not met their burden of showing that the Magistrate Judge's ruling was completely devoid of minimum evidentiary support displaying some hue of credibility, or that those findings bear no rational relationship to the supportive evidentiary data.  Defendant argues that:  (1) the sworn affidavit of Linda J. Blair, a partner at Bryant Barnes, constitutes sufficient evidentiary support; (2) Attorney Shoup performed substantially related legal work for HOVENSA while employed by Bryant Barnes, resulting in a situation in which Attorney Shoup became "involved in suing her former client mere days and weeks after representing them"; and (3) there is no compelling reason not to disqualify Attorney Shoup.  *Id.* at 8–16.  Defendant argues that under these facts, Attorney Shoup is "the exact type of side-switching attorney that MRPC 1.9 seeks to disqualify." *Id.* at 16 (*quoting de la Cruz v. V.I. Water & Power Auth.*, 2012 U.S. Dist. LEXIS 4404, at *4 (D.V.I. May 8, 2012)) (internal quotation marks omitted). For these reasons, Defendant HOVENSA argues that the Magistrate Judge's decision was based on evidence sufficient to meet the standard required and should therefore be upheld.  *Id.* at 16.

## II. DISCUSSION

### A.  Standard of Review

"A motion to disqualify counsel is a non-dispositive matter that is reviewed under a 'clearly erroneous or contrary to law' standard."  *VECC, Inc. v. Bank of Nova Scotia*, 222 F.

Supp. 2d 717, 719 (D.V.I. 2002) (citation omitted); *see also* Fed. R. Civ. P. 72(a) (providing that on appeal from a ruling of a magistrate judge on a pretrial non-dispositive matter, a district court shall "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."). The Supreme Court has held that a finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "This means that '[i]t is the responsibility of an appellate court to accept the ultimate factual determination of the fact-finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *Behrend v. Comcast Corp.*, 655 F.3d 182, 189 (3d Cir. 2011) (citation omitted). "[T]he phrase 'contrary to law' indicates plenary review as to matters of law." *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). "[A] Magistrate Judge's ruling is contrary to law if 'the Magistrate Judge misinterpreted or misapplied the applicable law.'" *Kendricks v. Hertz Corp.*, 2008 WL 3914135, at *2 (D.V.I. Aug. 18, 2008) (citation omitted). "The party who filed the appeal bears the burden of establishing that the magistrate judge's decision is clearly erroneous or contrary to law." *Control Screening, LLC v. Integrated Trade Sys., Inc.*, 2011 WL 3417147, at *6 (D.N.J. Aug. 3, 2011).

### B.  Model Rule 1.9

"In the Virgin Islands, the Model Rules of Professional Conduct govern the professional responsibilities of practicing attorneys." *VECC, Inc.*, 222 F. Supp. 2d at 719 (*citing* Local Rule of Civil Procedure 83.2(a) and *Brice v. Hess Oil Virgin Islands Corp.*, 769 F. Supp. 193, 194 (D.V.I. 1990)).  MRPC 1.9 addresses whether an attorney may represent a current client whose

11

interests are adverse to the interests of a former client.  The relevant section of Rule 1.9, entitled "Duties To Former Clients," provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

MRPC 1.9(a).  The Third Circuit has emphasized that Rule 1.9 is a

> prophylactic rule to prevent even the potential that a former client's confidences and secrets may be used against him. Without such a rule, clients may be reluctant to confide completely in their attorneys. Second, the rule is important for the maintenance of public confidence in the integrity of the bar. Finally, and importantly, a client has a right to expect loyalty of his attorney in the matter for which he is retained.

*Corn Derivatives,* 748 F.2d at 162.

Under Model Rule 1.9(a), disqualification "is required if (1) the former representation is the same or substantially related to the present matter, (2) the interests of counsel's current client are materially adverse to the interests of the former client, and (3) the former client has not consented."  *Jordan v. Phila. Hous. Auth.*, 337 F. Supp. 2d 666, 672 (E.D. Pa. 2004) (analyzing Pennsylvania Rule of Professional Conduct 1.9(a), which tracks the Model Rule).[7]  Comment Three to Rule 1.9 notes that matters are "substantially related" for purposes of this Rule if "they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter."  ABA Model Rules of Professional Conduct, Rule 1.9, comment 3.

---

[7] The parties did not dispute before the Magistrate Judge, nor do they dispute on appeal, that HOVENSA's interests are materially adverse to Plaintiffs' interests; that HOVENSA is a former client of Attorney Shoup; or that HOVENSA has not consented to Attorney Shoup's representation of Plaintiffs.

As noted by the Magistrate Judge, courts generally consider the following three factors when determining whether matters are "substantially related":  "1) the nature and scope of the prior representation; 2) the nature and scope of the current representation; and 3) whether during the prior representation the client might have disclosed confidences to his attorney which could be relevant and detrimental to the client in the current action."  Order Granting HOVENSA's Motion to Disqualify, Dkt. No. 136 at 4 (*quoting Greenwood Land Co. v. Omnicare, Inc.*, Civil Action No. 09-686, 2009 WL 2595652 at *5 (W.D. Pa. Aug. 20, 2009)); *see also Javorski v. Nationwide Mut. Ins. Co.*, No 3:06–CV–1071, 2006 WL 3242112 at *6 (M.D. Pa. Nov. 6, 2006). In this latter regard, "[t]he question is not whether the attorney actually acquired confidential information, but whether confidential information that may have been gained in the first representation [may be] used to the detriment of the former client in the subsequent action." Order Granting HOVENSA's Motion to Disqualify, Dkt. No. 136 at 4 (*quoting Greenwood Land*, 2009 WL 2595652 at *6) (internal quotation marks and citation omitted).

 "The courts of the Virgin Islands have followed the decisions of the Third Circuit, most of which are grounded in the older Code of Professional Responsibility, to attach certain presumptions to the analysis of potential attorney disqualification under Model Rule 1.9." *Bluebeard's Castle, Inc. v. Delmar Mktg.*, 886 F. Supp. 1204, 1207 (D.V.I. 1995).  One of these presumptions is that "the substantial relationship test 'presumes that confidences were disclosed during the previous relationship and that such confidences would be used against the former client . . . [and] does not require that the moving party be able to show that confidences actually were passed or to detail their contents.'" *Lynch v. Lampkin*, 27 V.I.R. 152, 155 (1992) (*citing American Roller Co. v. Budinger*, 513 F.2d 982 (3d Cir. 1975) and *Richardson v. Hamilton International Corp.*, 469 F.2d 1382 (3d Cir. 1972)).  The District Court in *Bluebeard's Castle*

13

noted that this approach "obviate[s] certain factual showings by the movant" and "emphasizes the essentially prophylactic aims of Model Rule 1.9." *Bluebeard's Castle*, 886 F. Supp. at 1207. Thus, "[w]hile some other jurisdictions require additional showing by the movant, the courts of the Virgin Islands avoid the difficulty of weighing alternative descriptions of past confidential consultations by assuming that confidential information has passed between the attorney and the former client, notwithstanding the attorney's declaration to the contrary." *Id.* (footnote, internal quotation marks, and citation omitted). "[I]t is not [the] Court's task to determine whether such confidences were in fact revealed[;] rather, in determining the substantial relationship between representations, the Court must only assess the possibility that such confidences were exchanged and the relevance and detriment that such confidences might carry in the present litigation." *Id.* at 1209; *see also VECC, Inc. v. Bank of Nova Scotia*, 222 F. Supp. 2d at 721 ("[A] court need not delve into the exact nature of confidences revealed if it is merely possible, given the nature and scope of the current and former representation, that such confidences were revealed.").

### C.  Whether the Magistrate Judge's Finding—That Attorney Shoup Had Worked on a "Substantially Related Matter" for HOVENSA—Is Clearly Erroneous

Plaintiffs raise only one issue on appeal: whether the Magistrate Judge's factual finding—that Attorney Shoup had previously worked on a "substantially related matter" for HOVENSA—is clearly erroneous.  (Plaintiffs' Objections to Magistrate Judge's Order, 10-cv-032, Dkt. No. 50, at 1–4).[8]  In accordance with the governing "clearly erroneous" standard, the

---

[8] Except for the underlying determination that Attorney Shoup should be disqualified, Plaintiffs do not otherwise challenge the Magistrate Judge's application of MPRC 1.10 ("Imputation of Conflicts of Interest:  General Rule") to disqualify the law firm of Simpson, P.C.  Rather, Plaintiffs argue that the disqualification of Simpson, P.C. should be reversed "[b]ecause the disqualification of the law firm is based upon the disqualification of Attorney Shoup." (Objections to Magistrate Judge's Order, 10-cv-032, Dkt. No. 50, at 10).  As this argument is derivative of Plaintiffs' "substantially related" argument concerning Attorney Shoup's disqualification, the resolution of the issue of Attorney Shoup's disqualification would also resolve the issue of the law firm's disqualification.

Court first asks whether the Magistrate Judge's finding that confidences were likely to be disclosed to Attorney Shoup during her prior representation of HOVENSA is "completely devoid of minimum evidentiary support displaying some hue of credibility." *Behrend*, 655 F.3d at 189.

The applicable case law indicates that the determination of whether a prior representation is substantially related to a current representation for purposes of MRPC 1.9 is a context-specific inquiry that depends on the facts and circumstances of each case. *Cf., e.g.*, *Pepper v. Little Switzerland*, 2005 WL 1668916 at *3 (*contrasting Bluebeard's Castle,* 886 F. Supp. 1204 *with Brice v. Hess Oil*, 769 F. Supp. 193). In performing this analysis, courts generally ask three questions to determine whether a substantial relationship exists:

> 1) What is the nature and scope of the prior representation? 2) What is the nature and scope of the current representation? 3) During the prior representation, might the client have disclosed confidences to his attorney which could be relevant to the current action which could be detrimental to the former client in the course of the current litigation?

*Javorski*, 2006 WL 3242112 at *6.

The only evidence before the Magistrate Judge on these issues consisted of two opposing affidavits: an affidavit from Attorney Shoup and an affidavit from Linda J. Blair, a partner at Bryant Barnes. Attorney Blair's two-page affidavit included the following points:

> 4.    During her employment with Bryant Barnes Attorney Shoup represented HOVENSA in both personal injury litigation and employment law litigation involving claims of discrimination, harassment and wrongful discharge.

> 5.    In doing so, Attorney Shoup learned confidential details not known to the public about HOVENSA's operations, rules, practices, customs, regulations, policies as well as procedures and settlement policies and procedures.

> 6.    The same type of confidential information provided Attorney Shoup in her representation of HOVENSA on behalf of Bryant Barnes would not have been otherwise available to Attorney Shoup but for the attorney-client

relationship she had with HOVENSA during her employment with Bryant Barnes.

7.    The allegations contained in [the] above-captioned consolidated complaints are similar in nature to complaints in which Attorney Shoup represented HOVENSA during her employment with Bryant Barnes.

Affidavit of Linda J. Blair in Support of HOVENSA's Motion for Disqualification (Dkt. No. 128, Exh. A at 2, ¶¶ 4–7).

In her own affidavit, Attorney Shoup declared, among other things, that:  (1) she "substantively represented HOVENSA in only one case involving employment matters"; (2) the prior employment case involved dissimilar facts and legal claims to the instant case; (3) her involvement in that prior employment case "was limited to summarizing plaintiff depositions and attending several plaintiff depositions to ask follow up questions"; (4) she never learned "anything about HOVENSA's employment practices" while working on that case; (5) she never learned of HOVENSA's settlement policies or procedures in any employment case; and (6) she is screened from the instant case at her new law firm of Simpson, P.C.  (Declaration of Emily Shoup, Dkt. No. 130, Exh. 1 at 1–4).

The Court finds that the evidence in the record—the competing affidavits submitted by Attorney Blair and Attorney Shoup—provides an insufficient basis for the Court to determine whether the Magistrate Judge's finding that Attorney Shoup's prior representation of HOVENSA is "substantially related" to the instant litigation is clearly erroneous.  The insufficiency of the evidence in the record is reflected in the Order Granting HOVENSA's Motion to Disqualify, in which the Magistrate Judge appears to rely, at least in part, on Defendant's arguments—rather than record evidence—to support the predicate facts underlying the ultimate factual findings.  In that Order, the Magistrate Judge found:

> [T]he facts show that Attorney Shoup was not merely associated with the firm representing Defendant, she directly participated in the representation of Defendant in a variety of matters, including an employment discrimination case, *wherein she actively participated in strategy sessions and consulted and conferred with Defendant in responding to discovery and settlement negotiations*.

(Dkt. No. 136 at 5) (emphasis added).  There is no support in the record evidence—the two affidavits—for the factual claims italicized above.  Notwithstanding that these factual claims appear to be integral to the Magistrate Judge's analysis of the first prong of the "substantially related" inquiry—the nature and scope of the prior representation—these predicate findings rely solely on *argument* advanced by Defendant.  Specifically, in Defendant's reply in support of its Motion to Disqualify Attorney Shoup, Defendant argued:

> Attorney Shoup represented HOVENSA for three years. In that time she did significant legal work for HOVENSA involving confidential information. Ms. Shoup participated in confidential attorney-client strategy sessions regarding the defense of claims in personal injury and employment discrimination. She prepared HOVENSA employees for their depositions, defended those depositions, and conferred with HOVENSA employees and managers [regarding] how to respond to discovery requests and to negotiate for settlement. She gathered and analyzed confidential and proprietary information from HOVENSA to determine what information HOVENSA should reveal in responding to interrogatories. She gathered and analyzed confidential and proprietary documents from HOVENSA in order to respond to requests for documents. She defended HOVENSA in an arbitration hearing. She had access to HOVENSA in house counsel and managers. Up until a few short months ago, Ms. Shoup's work for the defendant touched upon every aspect of litigation. This evidence shows that it is at least "reasonably possible" that confidential information was passed from HOVENSA to Attorney Shoup.

(Dkt. No. 134, at 4–5).  Because these factual claims are simply counsel's argument—and not evidence—they do not provide a sufficient basis for determining whether the prior representation is substantially related to the current representation.  *See British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) (noting that "legal memoranda and oral argument are not evidence").

17

The same evidentiary problem resurfaced with Plaintiffs' Motion to Reconsider.  In the Order denying that Motion, the principal finding of fact again appears to be predicated upon argument and not evidence.  Citing to Defendant's Opposition to the Motion to Reconsider, the Magistrate Judge found:

> Attorney Shoup's representation of HOVENSA when employed with her former law firm was wide-ranging and "extensive . . . in an array of cases [that] gained her on numerous occasions access to management whose concern it is to see to the legal defense of HOVENSA in general . . . .  [and] she daily used a common computer system which contained . . . universal HOVENSA files which contained copious amounts of confidential and proprietary information pertaining to HOVENSA not otherwise available to the public."

(Dkt. 143 at 4) (*quoting* Defendant's "Response in Opposition to Plaintiffs' Motion to Reconsider February 3, 2012 Order Granting HOVENSA'S Motion to Disqualify," Dkt. No. 141, at 6).  On that basis, the Magistrate Judge concluded:

> It is not a stretch to presume that, given the scope [of] Attorney Shoup's prior representation of HOVENSA and access to management personnel and a significant amount of confidential and proprietary information, it was more likely than not that she was privy to confidential information that could be used against HOVENSA in this matter.

*Id.* at 5.  In sum, the Magistrate Judge appears to have relied for his conclusions—at least in part—on factual assertions advanced in Defendant's briefs but not reflected in the evidence before the Court.[9]

But, "legal memoranda and oral argument are not evidence."  *British Airways Bd. v. Boeing*, 585 F.2d at 952.  Nonetheless, on appeal, Defendant argues that "averments" in the parties' briefs also constitute evidence properly before the Court, criticizing Plaintiffs for basing

---

[9] As the Magistrate Judge acknowledged, the Court "analyzed the nature and scope of Attorney Shoup's prior representation of HOVENSA and used that analysis to determine whether the matters were substantially related." Order Denying Plaintiffs' Motion to Reconsider, Dkt. No. 143 at 6.  As discussed above, in analyzing the nature and scope of the prior representation, the Magistrate Judge relied on certain factual claims asserted only in Defendant's briefs.

their argument "on a notional distinction between argument and evidence."  (Dkt. No. 148 at 10). In support of this argument, Defendant asserts that its reply brief was submitted by Attorney Blair, "subject to 5 V.I.C. § 699 and subject to the penalty for perjury," and thus, the Court could consider as evidence the factual assertions contained therein.  *Id.*

However, 5 V.I.C. § 699 is a local procedural rule[10] and is therefore inapplicable to this proceeding in federal District Court.  "[T]he Federal Rules of Civil Procedure control the resolution of procedural issues" in district court.  *Simmons v. Philadelphia*, 947 F.2d 1042, 1085 (3d. Cir. 1991).[11]  Under those rules, "[w]hen a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions."  Fed. R. Civ. P. 43(c).  Here, aside from the affidavits of Attorneys Shoup and Blair, there was no further evidence submitted, including in the form of affidavits, oral testimony, or depositions.  The Federal Rules of Civil Procedure do not allow unsworn argument contained in a legal brief to serve as evidence in the record.

Moreover, even if 5 V.I.C. § 699 were applicable, it undoubtedly was not intended to transform a brief filed by counsel into an affidavit simply because the brief was signed by counsel.  Indeed, none of Defendant's briefs meet the requirements for the cited statute, which provides:

---

[10] 5 V.I.C. § 699 is located in Title 5, "Judicial Procedure," of the Virgin Islands Code, under Subtitle 1, "Civil Procedure."  Like 5 V.I.C. § 547, which is located in the same Subtitle of the Code, § 699 is a procedural rule.  *See Mossman v. Moran*, No. Civ. 2004-31, 2004 WL 1664010 at *3 (D.V.I. June 1, 2004) (finding that 5 V.I.C. § 547 "is clearly a rule of procedure rather than substance and does not apply to this diversity proceeding in federal court").

[11] Even in the diversity context, federal courts apply federal procedural law.  *See, e.g.*, *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ("The broad command of *Erie* . . . [is that] . . . federal courts are to apply state substantive law and federal procedural law."); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 92 (1938); *Yohannon v. Keene Corp.*, 924 F.2d 1255, 1265 (3d Cir. 1991); *Mossman v. Moran*, 2004 WL 1664010 at *3.

The statement of an attorney authorized by law and admitted to practice in the Courts of the Virgin Islands, who is not a party to an action, *when subscribed and affirmed by him to be true under the penalties of perjury*, may be served or filed in an action in lieu of and with the same force and effect as an affidavit duly notarized.

5 V.I.C. § 699 (emphasis added).   Attorney Blair did indeed sign Defendant's Motion to Disqualify (Dkt. No. 128 at 12), its reply brief (Dkt. No. 134 at 8), its Opposition to the Motion to Reconsider (Dkt. No. 141 at 13), and its opposing brief on appeal (Dkt. No. 148 at 17). However, none of these briefs were "affirmed by [Attorney Blair] to be true under the penalties of perjury." *See* 5 V.I.C. § 699.  Simply signing her name to the briefs did not convert the briefs into affidavits or evidence.  *Cf. Winterrowd v. Nelson*, 480 F.3d 1181, 1183 (9th Cir. 2007) (accepting general assertions made in legal briefs by a *pro se* litigant as evidence when the litigant appended affidavits to his briefs affirming that the facts in the briefs "are true and correct under the penalties of [sic] perjury" and thus exposed himself to "prosecution for perjury for any deliberately false factual statements in his briefs," but noting that the court "might not countenance such a shortcut where a party is represented by counsel"); *British Airways Bd. v. Boeing*, 585 F.2d 946 at 952;  *Partovi v. Martinez*, CV06-1792-PHX-EHC, 2008 WL 2705370 at *3 (D. Ariz. July 9, 2008) ("Legal memoranda do[] not constitute evidence.").  Accordingly, the factual claims asserted in Defendant's briefs do not constitute evidence properly before the Court.

In sum, the record evidence is insufficient for the Court to determine whether the Magistrate Judge's ultimate factual finding is clearly erroneous. [12]

---

[12] The importance of factual findings grounded in the record is highlighted by the type of analysis that is appropriate in this context.  *See, e.g.*, *Pepper v. Little Switzerland Holding*, 2005 WL 1668916 at *3 (distinguishing between situations in which "confidences were likely transmitted to the lawyer . . . [that] would be detrimental to the former client in the latter litigation" and situations in which the information gained in the initial representation was "of a general nature," would be "subject to revelation through standard discovery processes," and did not include "any

## III. CONCLUSION

For the foregoing reasons, the Court finds that there is insufficient evidence in the record to determine whether the Magistrate Judge's factual finding that Attorney Shoup had previously worked on a "substantially related matter" for HOVENSA is clearly erroneous.   The Court therefore vacates the Magistrate Judge's February 3, 2012 Order Granting HOVENSA's Motion to Disqualify and the Magistrate Judge's May 11, 2012 Order Denying Plaintiffs' Motion to Reconsider; remands the disqualification issue to the Magistrate Judge for further evidentiary inquiry and factual findings to resolve the issue whether Attorney Shoup should be disqualified; and stays the consolidated case pending the Magistrate Judge's ruling on the disqualification issue.  An appropriate Order accompanies this Memorandum Opinion.


Date:  November 12, 2012                                   _____/s/_____
                                                                         WILMA A. LEWIS
                                                                         District Judge

---

confidences or secrets" that would confer upon the attorney "a special advantage in litigating a case against her former client"); *VECC, Inc. v. Bank of Nova Scotia*, 222 F. Supp. 2d at 721 (finding a substantial relationship on the basis of a law firm's "comprehensive representation" of a former client while serving as its general corporate counsel, which resulted in the "extreme likelihood" of disclosure of the client's confidences to the law firm); ABA Model Rules of Professional Conduct, Rule 1.9, comment 3 ("In the case of an organizational client, general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation; on the other hand, knowledge of specific facts gained in a prior representation that are relevant to the matter in question ordinarily will preclude such a representation.").